

**07 CV 3086**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PEI LICENSING, INC., a Delaware corporation, | : **CIV. ACTION NO.:** |
| | : |
| | : **COMPLAINT AND DEMAND FOR** |
| Plaintiff, | : **JURY TRIAL** |
| | : |
| v. | : |
| | : |
| PERFUME NETWORK, a New York corporation; MAJOR PERFUMES, INC., a New York corporation; TRADE PLUS, INC., a New York corporation; HARBANS LAL GERA, an individual; and BHARAT GERA, an individual, | : |
| | : |
| Defendants. | : |
| | : |



Plaintiff PEI Licensing, Inc. ("PEI") hereby files this Complaint on personal knowledge as to its own activities and on information and belief as to the activities of others:

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338; and 15 U.S.C. §§1116 and 1121.  This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

2.    This Court has personal jurisdiction over the Defendants in that they reside in and do business in the State of New York.

3.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 in that the Defendants are subject to personal jurisdiction in this judicial district, and this is the District in which a substantial part of the events or omissions giving rise to the claims hereinafter set forth occurred.

ce of business at 70 Gordon Dr., Syosset, New York 11791.

6. Defendant Major Perfumes, Inc. ("Major Perfumes") is a corporation, organized and existing under the laws of the State of New York, having its principal place of business at 8 Orchard Lane, Old Westbury, New York 11568.

7. Defendant Trade Plus, Inc. ("Trade Plus") is a corporation, organized and existing under the laws of the State of New York, having its principal place of business at 259 Robby Lane, New Hyde Park, New York 11040.

8. Defendant Harbans Lal Gera ("Harbans Gera") is an individual residing in the State of New York. Harbans Gera is the owner and/or president of Perfume Network and the Vice President of Major Perfumes, and works out of Perfume Network's office in Syosset, New York.

9. Defendant Bharat Gera is an individual residing in the State of New York. Bharat Gera is the owner and/or president of Trade Plus, and works out of Trade Plus' office in New Hyde Park, New York.

10. Perfume Network, Major Perfumes, Trade Plus, Harbans Gera and Bharat Gera are collectively referred to as "Defendants."

## BACKGROUND FACTS

**PEI's Intellectual Property**

11.     PEI owns all right, title and interest in and to, *inter alia*, the following federal registrations for the 360° trademark in connection with fragrances and personal care products for men and women, including perfumes:  (a) Registration No. 2,729,330 for 360° and (b) Registration No. 2,324,681 for 360° PERRY ELLIS.  Annexed hereto as Exhibit A are true and correct copies of printouts from the U.S.P.T.O. website evidencing PEI's ownership of these trademarks.  All of the registrations set forth in Exhibit A are valid, subsisting, unrevoked and uncancelled.  Additionally, Registration No. 2,324,681 is incontestable.  PEI also owns common law rights in the 360° trademark and the bottle design for the 360° products.  PEI's registered and common law trademark rights in the 360° trademark are collectively referred to as the "360° Marks."

12.     PEI has sold products under the 360° Marks since at least 1993, and the 360° Marks are famous and widely-recognized brands.

13.     PEI further owns multiple design patents in the bottle in which the 360° perfume is sold:  (a) U.S. Patent No. 357,415 ('415 Patent) entitled "Bottle"; (b) U.S. Patent No. 354,441 ('441 Patent) entitled "Bottle"; (c) U.S. Patent No. 488,058 ('058 Patent) entitled "Bottle and Cap"; (d) U.S. Patent No. 518,382 ('382 Patent) entitled "Bottle and Cap"; and (e) U.S. Patent No. 425,404 ('407 Patent) entitled "Cologne Dispenser" (collectively the "360° Patents").  The 360° Patents were duly and legally issued and are currently valid and enforceable.  PEI has the right to sue and recover for past, present and future infringements of the 360° Patents, and to obtain the relief sought herein.  Copies of the 360° Patents are annexed hereto as Exhibit B.

14.     PEI also owns trade dress rights in the bottle in which the 360° perfume is sold. In order to build customer recognition, PEI has used the same packaging for the 360° perfume. PEI sells four styles of the 360° perfume, White, Grey, Blue and Red.  All of the packaging for the White, Grey, Blue and Red 360° perfume includes, but is not limited to:  (a) a long, thin, cylindrical outer-packaging; (b) a thin ring of a different color from the rest of the outer-packaging approximately one inch from the top of the cylinder; (c) the 360° trademark placed

- 3 -

approximately one inch below the ring; (d) a description of the perfume specifications at the base of the outer-packaging; (e) a long, thin, cylindrical bottle design; (f) a thick ring of brushed or polished silver at the top of the cylindrical bottle; and (g) a round, glass ball covering the perfume dispenser at the top of the bottle.

15.    In addition, the glass for the Blue 360° perfume bottle and dispenser ball cover is blue; the glass for the Red 360° perfume bottle and dispenser ball cover is red; the glass for the Grey 360° perfume bottle and dispenser ball cover is clear with aqua colored liquid; and the glass for the White 360° perfume bottle and dispenser ball cover is clear with yellow liquid (all of the foregoing design elements are collectively referred to as the "360° Trade Dress"). PEI has sold products under the 360° Trade Dress since at least 1993.

16.    The 360° Marks, 360° Patents and 360° Trade Dress are collectively referred to as the "360° Intellectual Property."

**PEI's Business and Reputation**

17.    PEI is a leader in the design, marketing and distribution of a wide variety of apparel, shoes, accessories and fragrances for men and women, including fragrances and personal care products for men and women, namely perfumes, eau de toilette, body lotions, bath and shower gels, after shaves, after shave balm, and deodorants (the "360° Products") sold under the 360° Intellectual Property.

18.    PEI advertises and sells the 360° Products under and in connection with the 360° Intellectual Property in interstate commerce, including through department stores, independent retailers and PEI's own retail stores in the United States and more than forty five other countries, as well as through its internet website at www.perryellis.com.

19.    For more than thirteen years, PEI's reputation and distinctive image have been consistently developed across an expanding number of products, as well as across both domestic and international markets.

20.    PEI has carefully built its reputation by, among other things, adhering to strict quality control standards and its commitment to customer service. As such, the 360° Products

- 4 -

are manufactured pursuant to specific, stringent guidelines.  In addition, PEI spends million of dollars annually to advertise and promote the 360° Products and 360° Intellectual Property, worldwide.

21.     As a result of PEI's extensive marketing and promotional efforts, as well as the high quality of the 360° Products, the 360° Products have achieved an outstanding reputation among consumers.  The 360° Marks and 360° Trade Dress have become well and favorably known in the industry and to the public as the exclusive source of the 360° Products, and have come to symbolize the goodwill and reputation for excellence of 360° Products.  PEI's marketing efforts, combined with its attention to quality and construction, have resulted in over forty-four million dollars in sales annually since 2004 of the 360° Products, worldwide.

22.     PEI's continuous and broad use of the 360° Marks and 360° Trade Dress has expanded their renown and enabled PEI to achieve fame and celebrity in the fragrance product market.

**Defendants' Unlawful Conduct**

23.     Defendants, without authorization or license from PEI, have willfully and intentionally used, reproduced, copied and/or infringed the 360° Intellectual Property in connection with their manufacturing, distributing, exporting, importing, advertising, marketing, selling and/or offering to sell infringing copies of the 360° Products under the label 365 Days (the "Infringing Products").

24.     Even though they are of significantly inferior quality, the Infringing Products appear superficially similar, and in some cases superficially identical, to genuine 360° Products.

25.     At all relevant times and in furtherance of their infringing activities, Defendants, without authorization or license from PEI, have willfully and intentionally used and continue to use and/or infringe the 360° Intellectual Property in connection with Infringing Products.

26.     The use by Defendants of the 360° Marks and the 360° Trade Dress on or in connection with the offering for sale, sale and distribution of Infringing Products is likely to cause confusion, or to cause mistake or to deceive.

- 5 -

27.     The Infringing Products are not genuine 360° Products bearing the 360° Intellectual Property. PEI did not manufacture, inspect or package the Infringing Products, and did not approve the Infringing Products for sale and/or distribution.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement under 15 U.S.C. § 1114)

28.     PEI realleges and incorporates by reference the allegations above.

29.     The 360° Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and significant value, are highly distinctive and arbitrary, and have become universally associated in the public mind with the products and services of the very highest quality and reputation finding their source in PEI.

30.     Without PEI's authorization or consent, and having knowledge of PEI's well-known and prior rights in the 360° Marks, and the fact that the Infringing Products bear marks which are confusingly similar to the 360° Marks, Defendants have manufactured, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with Plaintiff's sale of genuine products, in or affecting interstate commerce.

31.     Defendants' use of marks which infringe upon the 360° Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products originate from, are associated with or are otherwise authorized by PEI, all to the damage and detriment of PEI's reputation, goodwill and sales.

32.     Defendants' unauthorized use of the 360° Marks on or in connection with their Infringing Products was done with notice and full knowledge that such use was not authorized or licensed by PEI.

33.     As a direct and proximate result of Defendants' conduct, PEI has suffered damages to its valuable 360° Marks, and other damages in an amount to be proved at trial.

- 6 -

34.     PEI does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of Infringing Products unless this Court enjoins Defendants from such practices.

## SECOND CLAIM FOR RELIEF

### (Trademark Counterfeiting under 15 U.S.C. § 1114)

35.     PEI realleges and incorporates by reference the allegations above.

36.     The 360° Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and significant value, are highly distinctive and arbitrary, and have become universally associated in the public mind with the products and services of the very highest quality and reputation finding their source in PEI.

37.     Without PEI's authorization or consent, and having knowledge of PEI's well-known and prior rights in the 360° Marks, and the fact that the Infringing Products bear marks which are substantially indistinguishable from the 360° Marks, Defendants have manufactured, distributed, offered for sale and/or sold counterfeits of the 360° Products to the consuming public in direct competition with Plaintiff's sale of genuine products, in or affecting interstate commerce.

38.     Defendants' use of counterfeits of the 360° Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products originate from, are associated with or are otherwise authorized by PEI, all to the damage and detriment of PEI's reputation, goodwill and sales.

39.     Defendants' unauthorized use of the 360° Marks on or in connection with their Infringing Products was done with notice and full knowledge that such use was not authorized or licensed by PEI.

40.     As a direct and proximate result of Defendants' conduct, PEI has suffered damages to its valuable 360° Marks, and other damages in an amount to be proved at trial.

- 7 -

41.    PEI does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of Infringing Products unless this Court enjoins Defendants from such practices.

## SECOND CLAIM FOR RELIEF

### (Trademark Dilution Under 15 U.S.C. § 1125(c))

42.    PEI realleges and incorporates by reference the allegations above.

43.    The 360° Marks are "famous marks" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1) as a result of PEI's continuous and exclusive use of the 360° Marks in connection with the 360° Products, and became famous marks prior to Defendants' conduct as alleged herein.

44.    Because the 360° Products have gained a reputation for superior quality and excellence, the 360° Marks have gained substantial renown and reputation.

45.    Defendants have used and continue to use copies of the 360° Marks on or in connection with the distribution, advertising, offer for sale and/or sale of the Infringing Products without the authorization of PEI.

46.    Defendants' unauthorized use in commerce of the Infringing Products dilutes, blurs, tarnishes, and whittles away the distinctiveness of the 360° Marks, and was done with the willful intent to trade on PEI's reputation and/or to cause dilution of the 360° Marks.

47.    Defendants' unauthorized use of the 360° Marks on or in connection with their Infringing Products was done with notice and full knowledge that such use was not authorized or licensed by PEI.

48.    As a direct and proximate result of Defendants' conduct, PEI has suffered damages to its valuable 360° Marks, and other damages in an amount to be proved at trial.

NY 238347843v1 4/16/2007

49.     PEI does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of Infringing Products unless this Court enjoins Defendants from such practices.

## FOURTH CLAIM FOR RELIEF

### (False Designation of Origin under 15 U.S.C. § 1125(a))

50.     PEI realleges and incorporates by reference the allegations above.

51.     The 360° Marks are arbitrary, fanciful and/or inherently distinctive.

52.     In addition, as a result of the experience, care, and service of PEI in producing and providing the 360° Products, the 360° Products have become widely known and have acquired a worldwide reputation for excellence. Moreover, the 360° Marks have become associated with the 360° Products, and have come to symbolize the reputation for quality and excellence of the 360° Products. As such, and because consumers identify the 360° Marks with products having their source in PEI, the 360° Marks have attained secondary meaning.

53.     The 360° Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and significant value, are highly distinctive and arbitrary, and have become universally associated in the public mind with the products and services of the very highest quality and reputation finding their source in PEI.

54.     Without PEI's authorization or consent, and having knowledge of PEI's well-known and prior rights in the 360° Marks, and the fact that the Infringing Products bear marks which are confusingly similar to the 360° Marks, Defendants have manufactured, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with Plaintiff's sale of genuine products, in or affecting interstate commerce.

55.     Defendants' use of marks which infringe upon the 360° Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products originate from, are associated with or are otherwise authorized by PEI, all to the damage and detriment of PEI's reputation, goodwill and sales.

- 9 -

56.    Defendants' unauthorized use of the 360° Marks on or in connection with their Infringing Products was done with notice and full knowledge that such use was not authorized or licensed by PEI.

57.    Defendants' acts constitute false designations of the origin and/or sponsorship of Defendants' goods.

58.    As a direct and proximate result of Defendants' conduct, PEI has suffered damages to its valuable 360° Marks, and other damages in an amount to be proved at trial.

59.    PEI does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of Infringing Products unless this Court enjoins Defendants from such practices.

## FIFTH CLAIM FOR RELIEF

### (Trade Dress Infringement under 15 U.S.C. § 1125(a))

60.    PEI realleges and incorporates by reference the allegations above.

61.    The 360° Trade Dress is inherently distinctive.

62.    In addition, as a result of the experience, care, and service of PEI in producing and providing the 360° Products, the 360° Products have become widely known and have acquired a worldwide reputation for excellence. Moreover, the 360° Trade Dress has become associated with the 360° Products, and has come to symbolize the reputation for quality and excellence of the 360° Products. As such, and because consumers identify the 360° Trade Dress with products having their source in PEI, the 360° Trade Dress has attained secondary meaning.

63.    The 360° Trade Dress is non-functional.

64.     Defendants' use of trade dress which infringes upon the 360° Trade Dress is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products originate from, are associated with or are otherwise authorized by PEI, all to the damage and detriment of PEI's reputation, goodwill and sales.

65.     Defendants' unauthorized use of the 360° Trade Dress on or in connection with their Infringing Products was done with notice and full knowledge that such use was not authorized or licensed by PEI.

66.     As a direct and proximate result of Defendants' conduct, PEI has suffered damages to its valuable 360° Trade Dress, and other damages in an amount to be proved at trial.

67.     PEI does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of Infringing Products unless this Court enjoins Defendants from such practices.

## SIXTH CLAIM FOR RELIEF

### (Patent Infringement under 35 U.S.C. § 101 *et seq.*)

68.     PEI realleges and incorporates by reference the allegations above.

69.     Defendants have advertised, made, marketed, offered to sell, sold, used and imported into the United States products that infringe the 360° Patents.

70.     Defendants have willfully infringed the 360° Patents under Patent Statute 35 U.S.C. § 101 et seq.

71.     Unless Defendants are enjoined from continuing the aforementioned illegal acts, PEI will continue to suffer irreparable harm and an injunction is warranted.

72.     As a result, PEI is entitled to injunctive relief pursuant to 35 U.S.C. § 283 and are entitled to damages, costs, interest and attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

- 11 -

## SEVENTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

73.    PEI realleges and incorporates by reference the allegations above.

74.    As a result of the experience, care, and service of PEI in producing and providing the 360° Products, the 360° Products have become widely known and have acquired a worldwide reputation for excellence. Moreover, the 360° Marks have become associated with the 360° Products, and have come to symbolize the reputation for quality and excellence of the 360° Products.

75.    The 360° Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and significant value, are highly distinctive and arbitrary, and have become universally associated in the public mind with the products and services of the very highest quality and reputation finding their source in PEI.

76.    Without PEI's authorization or consent, and having knowledge of PEI's well-known and prior rights in the 360° Marks, and the fact that the Infringing Products bear marks which are confusingly similar to the 360° Marks, Defendants have manufactured, distributed, offered for sale and/or sold the Infringing Products to the consuming public in direct competition with Plaintiff's sale of genuine products, in or affecting interstate commerce.

77.    Defendants' use of marks which infringe upon the 360° Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive the public into believing the Infringing Products originate from, are associated with or are otherwise authorized by PEI, all to the damage and detriment of PEI's reputation, goodwill and sales.

78.    Defendants' unauthorized use of the 360° Marks on or in connection with their Infringing Products was done with notice and full knowledge that such use was not authorized or licensed by PEI.

79.    Defendants' acts constitute common law trademark infringement.

- 12 -

80.    As a direct and proximate result of Defendants' conduct, PEI has suffered damages to its valuable 360° Marks, and other damages in an amount to be proved at trial.

81.    PEI does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of Infringing Products unless this Court enjoins Defendants from such practices.

## EIGHTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

82.    PEI realleges and incorporates by reference the allegations above.

83.    As a result of the experience, care, and service of PEI in producing and providing the 360° Products, the 360° Products have become widely known and have acquired a worldwide reputation for excellence.  Moreover, the 360° Marks have become associated with the 360° Products, and have come to symbolize the reputation for quality and excellence of the 360° Products.

84.    Defendants, with full knowledge of the goodwill associated with the 360° Marks and PEI's rights therein, intended to and did trade on the goodwill associated with the 360° Marks.

85.    Defendants' acts have and continue to mislead and deceive the public as to the source of Defendants' Infringing Products, permit and accomplish palming off of Defendants' goods as those of PEI, and falsely suggest a connection with PEI.  Therefore, Defendants have committed unfair competition in violation of New York common law.

86.    As a direct and proximate result of Defendants' conduct, PEI has suffered damages to its valuable 360° Marks, and other damages in an amount to be proved at trial.

87.    PEI does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of Infringing Products unless this Court enjoins Defendants from such practices.

NY 238347843v1 4/16/2007

## NINTH CLAIM FOR RELIEF

### (New York General Business Law § 360(l))

88.     PEI realleges and incorporates by reference the allegations above.

89.     Defendants' illegal acts as described above have caused damage to PEI by tarnishing PEI's valuable reputation and diluting or blurring the distinctiveness of the 360° Marks in violation of New York General Business Law § 360(l).

90.     PEI does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of Infringing Products unless this Court enjoins Defendants from such practices.

## TENTH CLAIM FOR RELIEF

### (New York General Business Law § 349)

91.     PEI realleges and incorporates by reference the allegations above.

92.     Defendants, without PEI's authorization or consent, and having knowledge of PEI's well-known and prior rights in the 360° Marks, have distributed, advertised, offered for sale and/or sold Infringing Products employing copies of the 360° Marks to the consuming public in violation of New York General Business Law § 349.

93.     Defendants' use of copies or simulations of the 360° Marks is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of Defendants' Infringing Products, and is likely to deceive the public into believing Infringing Products being sold by Defendants originate from, are associated with, or are otherwise authorized by PEI.

94.     Defendants' deceptive acts and practices involve public sales activities of a recurring nature.

- 14 -

95.    PEI does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of Infringing Products unless this Court enjoins Defendants from such practices.

### PRAYER FOR RELIEF

WHEREFORE, PEI prays for judgment against Defendants as follows:

1.    For a declaration that Defendants have infringed the 360° Intellectual Property;

2.    That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them be preliminarily enjoined and restrained, at first during the pendency of this action and, thereafter, permanently:

a)    from using in any manner the 360° Marks and/or 360° Trade Dress, alone or in combination with any word or words which so resemble each said trademark as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not PEI's, or not authorized by PEI to be sold in connection with each of the 360° Marks and/or 360° Trade Dress;

b)    from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by PEI, not PEI's, or not produced under the control and supervision of PEI and approved by PEI for sale under the 360° Marks and/or 360° Trade Dress;

c)    from committing any acts that cause purchasers to believe that Defendants' products are those sold under the control and supervision of PEI, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of PEI;

d)    from further diluting and infringing all 360° Marks and/or 360° Trade Dress and damaging PEI's goodwill;

e)    from shipping, delivering, distributing, returning or otherwise disposing

- 15 -

of, in any manner, products or inventory not manufactured by or for PEI, nor authorized by PEI to be sold or offered for sale, and which bear any of the 360° Marks and/or 360° Trade Dress;

f)    from making any unauthorized advertisement, marketing, distribution, use, sale, or importation into the United States and from offering for sale products that infringe the 360° Patents;

g)    from otherwise competing unfairly with PEI or any of its authorized licensees in any manner; and

h)    from assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (g).

3.    That Defendants be required to deliver up to PEI any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession of Defendants or under their control bearing any of the 360° Marks and/or 360° Trade Dress, or each of them, alone or in combination with any other words, or used in connection with the advertising, offering for sale or sale of products not PEI's, or not made under the authorization and control of PEI;

4.    That Defendants be required to supply PEI with a complete list of entities from whom they purchased and to whom they distributed and/or sold products falsely bearing the 360° Marks and/or 360° Trade Dress or products not authorized by PEI to be sold in connection with each of said Marks or Trade Dress;

5.    That Defendants be required to deliver up for destruction their entire inventory of said products bearing any of the aforesaid infringing trademarks or trade dress;

6.    That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon PEI a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs 1 through 4, *supra*;

- 16 -

7.    That Defendants account for and pay over to PEI profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that the amount of disgorgement for infringement of PEI's 360° Marks and/or 360° Trade Dress be increased by a sum not exceeding three times the amount thereof pursuant to 15 U.S.C. § 1117(b), and that the Court impose whatever temporary, preliminary and final equitable relief is necessary to achieve the foregoing, including but not limited to, the imposition of a constructive trust;

8.    That PEI be awarded actual damages for Defendants' infringement of PEI's registered 360° Marks and/or 360° Trade Dress in an amount to be determined at trial, and that the amount of such actual damages be increased by a sum not exceeding three times the amount thereof pursuant to 15 U.S.C. § 1117(b);

9.    That PEI be awarded statutory damages of $1,000,000 for Defendants' willful counterfeiting of each of the federally registered 360° Marks pursuant to 15 U.S.C. § 1117(c);

10.    That PEI be awarded damages in the form of lost profits or in the alternative, not less than a reasonable royalty, costs and attorneys' fees sustained by PEI attributable to Defendants' infringement of the 360° Patents, and that such award be increased up to three times pursuant to 35 U.S.C.§ 284;

11.    That PEI be awarded reasonable attorneys' fees and costs;

12.    That PEI be awarded pre-judgment and post-judgment interest; and

13.    That PEI have such other and further relief as the Court may deem fair and equitable.

- 17 -

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, PEI demands a jury trial on all triable issues that are raised by this Complaint.

Dated: April 16, 2007                    Respectfully submitted,

                                         **GREENBERG TRAURIG LLP**

                                         By: _____

                                         G. Roxanne Elings (GE 8321)
                                         David Saenz (DS 1976)
                                         MetLife Building
                                         200 Park Avenue, 34th Floor
                                         New York, NY 10166
                                         Telephone: (212) 801-9200
                                         Facsimile: (212) 801-6400

                                         Attorneys for Plaintiff PEI Licensing, Inc.

- 18 -

# Exhibit A



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Sat Apr 14 04:19:30 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout** Please logout when you are done to release system resources allocated for you.

**Start** List At: [ ]   OR **Jump** to record: [ ]   **Record 1 out of 2**

---

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# 360°

| Word Mark | 360° |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: Fragrances and personal care products for men and women, namely perfume, eau de toilette, body lotion, bath and shower gel, after shave, after shave balm, and deodorant. FIRST USE: 19930800. FIRST USE IN COMMERCE: 19930800 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Design Search Code** | |
| **Serial Number** | 78158883 |
| **Filing Date** | August 28, 2002 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 1, 2003 |
| **Registration Number** | 2729330 |
| **Registration Date** | June 24, 2003 |
| **Owner** | (REGISTRANT) **PEI** Licensing, Inc. CORPORATION DELAWARE 3000 N.W. 107th Avenue Miami FLORIDA 33172 |
| **Attorney of Record** | Geri Lynn Mankoff |
| **Prior Registrations** | 2324681 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |

| Live/Dead Indicator | LIVE |
| --- | --- |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST |
| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | | |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System(Tess)

*TESS was last updated on Sat Apr 14 04:19:30 EDT 2007*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST |

| NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [＿＿＿]   OR  Jump  to record: [＿＿＿]   **Record 2 out of 2**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

## 360°
## P E R R Y   E L L I S

| | |
|---|---|
| **Word Mark** | 360° PERRY ELLIS |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: women's fragrances and personal care products, namely perfume, eau de toilette, body lotion, bath and shower gel. FIRST USE: 19930800. FIRST USE IN COMMERCE: 19930800 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 24.17.25 - Biohazard symbol; Degree sign (°); Equal sign (=); Greater than symbol > (mathematical); Handicapped symbol; Hazardous materials symbol; Less than symbol < (mathematical); Pound sign (#) |
| **Serial Number** | 74473873 |
| **Filing Date** | December 21, 1993 |
| **Current Filing Basis** | UNKNOWN |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | February 27, 1996 |
| **Registration Number** | 2324681 |
| **Registration Date** | February 29, 2000 |
| **Owner** | (REGISTRANT) Perry Ellis International, Inc. CORPORATION NEW YORK 130 Prince Street New York NEW YORK 10012 |

(LAST LISTED OWNER) **PEI** Licensing, Inc. CORPORATION DELAWARE Legal Dept. 3000 NW 107th Avenue Miami FLORIDA 33172

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Geri Lynn Mankoff |
| **Prior Registrations** | 1416338;1428486;1739844;AND OTHERS |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Other Data** | "PERRY ELLIS" is the name of the founder of the applicant, who is now deceased. |
| **Live/Dead Indicator** | **LIVE** |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# Exhibit B



US00D357415S

# United States Patent [19]

**Fontanella**

[11] Patent Number: **Des. 357,415**

[45] Date of Patent: ∗∗ **Apr. 18, 1995**

[54] **BOTTLE**

[75] Inventor: Adrienne Fontanella, New York, N.Y.

[73] Assignee: Sanofi Beaute Inc., New York, N.Y.

[∗∗] Term: **14 Years**

[21] Appl. No.: **13,669**

[22] Filed: **Sep. 29, 1993**

[52] U.S. Cl. ............................ D9/503; D9/300; D9/504

[58] Field of Search ............... D9/500, 503, 504, 558, D9/300, 454; 215/1 R, 1 C; D28/91.1

[56] **References Cited**

## U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D. 136,501 | 10/1943 | Habif | D9/503 |
| D. 136,607 | 11/1943 | Krause | D9/503 |
| D. 215,698 | 10/1969 | Jordan et al. | D9/300 |
| D. 222,800 | 1/1972 | Donoghue | D9/300 |
| D. 296,665 | 7/1988 | Hofer | D9/504 |
| D. 335,086 | 4/1993 | Wacker | D9/504 X |

## OTHER PUBLICATIONS

Beauty Fashion, Feb. 1980, p. 138, Seaspray cologne bottle.
Drug & Cosmetic Industry, Mar. 1986, p. 51 Lauren Cologne Mist bottle.

*Primary Examiner*—Lucy J. Lieberman
*Attorney, Agent, or Firm*—Kuhn and Muller

[57] **CLAIM**

The ornamental design for a bottle, as shown and described.

## DESCRIPTION

FIG. 1 is a front elevational view of the bottle, the left side, right side and rear elevational view being a mirror image thereof;
FIG. 2 is a top plan view thereof;
FIG. 3 is a bottom view thereof; and,
FIG. 4 is a perspective view.



US00D354441S

# United States Patent [19]

## Fontanella

[11] Patent Number: **Des. 354,441**

[45] Date of Patent: ** **Jan. 17, 1995**

[54] **BOTTLE**

[75] Inventor: Adrienne Fontanella, New York, N.Y.

[73] Assignee: Sanofi Beaute Inc., New York, N.Y.

[**] Term: 14 Years

[21] Appl. No.: 13,674

[22] Filed: Sep. 29, 1993

[52] U.S. Cl. .................................... D9/504; D9/505; D9/519

[58] Field of Search .............. D9/504, 505, 519, 545, D9/503, 439, 529; 215/1 R, 1 C

[56] **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D. 74,184 | 1/1928 | Michelin | D9/504 X |
| D. 75,124 | 5/1928 | Jenkins | D9/545 |
| D. 112,545 | 12/1938 | Youngbusband | D9/504 |
| D. 142,654 | 10/1945 | Newport, Jr. | D9/503 |
| D. 230,954 | 3/1974 | Gregorietti | D9/504 |
| 3,243,068 | 3/1966 | Huston | D9/595 X |

*Primary Examiner*—Lucy J. Lieberman
*Attorney, Agent, or Firm*—Kohn and Muller

[57]                **CLAIM**

The ornamental design for a bottle, as shown and described.

## DESCRIPTION

FIG. 1 is a front elevational view of the bottle, in an open position, the left side, right side and rear elevational views being mirror images thereof;

FIG. 2 is a front elevational view of the bottle in a closed position, the left side, right side and rear elevational views being a mirror image thereof;

FIG. 3 is a top plan view thereof;

FIG. 4 is a bottom view thereof;

FIG. 5 is a perspective view of the bottle in an open position; and,

FIG. 6 is a perspective view of the bottle in a closed position.



US00D488058S

(12) **United States Design Patent**    (10) Patent No.:    **US D488,058 S**

McGuinness    (45) Date of Patent:    ** Apr. 6, 2004

(54) BOTTLE AND CAP

(75) Inventor: Palmer McGuinness, Coral Springs, FL (US)

(73) Assignee: Parlux Fragrances, Inc., Ft. Lauderdale, FL (US)

(**) Term: 14 Years

(21) Appl. No.: 29/181,642

(22) Filed: May 14, 2003

(51) LOC (7) Cl. .................................................. 09-01
(52) U.S. Cl. ...................................................... D9/300
(58) Field of Search ........................... D9/300, 500, 504,
D9/505, 529, 530, 537; 222/153.11, 153.12,
153.13, 153.14, 321.1, 321.6, 321.7, 321.8,
321.9; D28/91.1; 206/220

(56)    References Cited

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 3,087,707 A | * | 4/1963 | Moonan | 206/220 |
| 5,829,648 A | * | 11/1998 | Goeren et al. | 222/321.7 |
| D421,384 S | * | 3/2000 | Herrmann | D9/300 |
| D448,281 S | * | 9/2001 | Thibiant et al. | D9/300 |
| D470,042 S | * | 2/2003 | Reinoso | D9/300 |

* cited by examiner

*Primary Examiner*—Paula A. Mortimer
(74) *Attorney, Agent, or Firm*—Blakely Sokoloff Taylor & Zafman, LLP

(57)    **CLAIM**

The ornamental design for a bottle and cap, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a first embodiment of a bottle and cap showing my new design;

FIG. 2 is a photograph of the front of the bottle and cap of FIG. 1;

FIG. 3 is a photograph of the left side of the bottle and cap of FIG. 1;

FIG. 4 is a photograph of the back of the bottle and cap of FIG. 1;

FIG. 5 is a photograph of the right side of the bottle and cap of FIG. 1;

FIG. 6 is a photograph of the top of the bottle and cap of FIG. 1;

FIG. 7 is a photograph of the bottom of the bottle and cap of FIG. 1;

FIG. 8 is a perspective view photograph of a second embodiment of a bottle and cap showing my new design;

FIG. 9 is a photograph of the front of the bottle and cap of FIG. 8;

FIG. 10 is a photograph of the left side of the bottle and cap of FIG. 8;

FIG. 11 is a photograph of the back of the bottle and cap of FIG. 8; and,

FIG. 12 is a photograph of the right side of the bottle and cap of FIG. 8.

The top and bottom of the second embodiment are the same as the top and bottom of the first embodiment.

1 Claim, 4 Drawing Sheets





US00D518382S

# (12) United States Design Patent

McGuinness

(10) Patent No.:  **US D518,382 S**

(45) Date of Patent:  **\*\*  Apr. 4, 2006**

(54) **BOTTLE AND CAP**

(75) Inventor: Palmer McGuinness, Coral Springs, FL (US)

(73) Assignee: Parlux Fragrances, Inc., Ft. Lauderdale, FL (US)

(\*\*) Term: 14 Years

(21) Appl. No.: 29/213,979

(22) Filed: Sep. 23, 2004

(51) LOC (8) Cl. ................................................. 09-01
(52) U.S. Cl. ............................ D9/504; D9/552; D28/89
(58) Field of Classification Search .......... D9/446–449, D9/500, 502–505, 529, 551, 552, 558, 564, D9/686–688, 690, 692, 693, 694, 723–727, D9/900; D28/7, 85–89, 90

See application file for complete search history.

(56)                    References Cited

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D196,413 S | \* | 9/1963 | McCornick | ................. | D28/89 |
| D242,221 S | \* | 11/1976 | Lonegren | .................. | D9/688 |
| D249,928 S | \* | 10/1978 | DE Nijs | ...................... | D9/690 |
| D260,564 S | \* | 9/1981 | Jedzinak et al. | ........... | D28/89 |
| D378,492 S | \* | 3/1997 | Salte | ............................ | D9/690 |
| D403,123 S | \* | 12/1998 | Sgariboldi | ................ | D28/76 |
| D421,567 S | \* | 3/2000 | Caporella et al. | ........ | D9/668 |
| D438,065 S | \* | 2/2001 | Young et al. | ............... | D7/591 |
| D492,601 S | \* | 7/2004 | Ogata et al. | ............... | D9/506 |

FOREIGN PATENT DOCUMENTS

GB          1009999     \* 10/1983

GB          1056846     \* 8/1989

OTHER PUBLICATIONS

Modern Packaging, "Facial Tissue Dispenser",© Sep. 1970, Hoxy Corp., Tokyo & NY, p. 52, upper left.\*
Acrosol Age. "Fragrances", © Aug. 1981, p. 34, New Products, Fragrances, Bottle by Barbara Cortlandlower right.\*

\* cited by examiner

*Primary Examiner—*Carol Rademaker
*Assistant Examiner—*Danu Sipos
(74) *Attorney, Agent, or Firm*· Blakely, Sokoloff, Taylor & Zafman LLP

(57)                     CLAIM

The ornamental design for a bottle and cap, as shown and described.

DESCRIPTION

FIG. 1 is a perspective view showing my new design;
FIG. 2 is a front elevational view thereof, the rear elevational view being identical, except for the unclaimed environment; and,
FIG. 3 is a top plan view thereof.
The bottom is flat and devoid of surface ornamentation.
The broken lines shown in the drawings are for illustrative purposes only and form no part of the claimed design.
For clarity of illustration, the helical pattern shown on the sidewall in FIGS. 1 and 2 has not been shown on the opposing sidewall as would be seen through the transparent surface. However, the helical line pattern is continuous around the sidewall.

1 Claim, 2 Drawing Sheets





US00D425407S

# United States Patent [19]

## Ackerman

[11]  Patent Number:    Des. 425,407

[45]  Date of Patent:    ** May 23, 2000

[54]  COLOGNE DISPENSER

[75]  Inventor:  Linda L. Ackerman, Wilton Manors, Fla.

[73]  Assignee:  Parlux Fragrances, Inc, Ft. Lauderdale, Fla.

[**]  Term:  14 Years

[21]  Appl. No.: 29/105,394

[22]  Filed:  May 24, 1999

[51]  LOC (7) Cl. ............................................. 09-01
[52]  U.S. Cl. ................................................. D9/300
[58]  Field of Search ........................ D9/300, 448, 530, D9/542, 551, 558, 564, 573, 574; D28/91.1; 222/153.11, 153.12, 153.13, 153.14, 320, 321.1, 321.6, 321.7, 321.8, 321.9, 324, 402.1, 402.11, 402.13; 239/333, 337

[56]  References Cited

### U.S. PATENT DOCUMENTS

D. 260,605  9/1981  Saunders ................................ D9/300

| | | | |
|---|---|---|---|
| D. 277,549 | 2/1985 | Martinez | D9/300 |
| D. 292,066 | 9/1987 | Gazulla | D9/300 |
| D. 292,265 | 10/1987 | Schmidt | D9/300 |
| D. 306,554 | 3/1990 | Lawson | D9/300 |
| D. 372,872 | 8/1996 | Crawford | D9/529 |
| 5,918,777 | 7/1999 | Flak | 222/212 |

*Primary Examiner*—Cathron B. Matta
*Attorney, Agent, or Firm*—Blakely, Sokoloff, Taylor & Zafman LLP

[57]  **CLAIM**

The ornamental design for a cologne dispenser, as shown and described.

## DESCRIPTION

FIG. 1 is a perspective view showing the front, top and right side of my new design;
FIG. 2 is a rear elevation view thereof;
FIG. 3 is a right side elevation view thereof, the left side being a mirror image;
FIG. 4 is a top plan view thereof; and,
FIG. 5 is a bottom plan view thereof.

1 Claim, 1 Drawing Sheet



US00D354441S

# United States Patent [19]

## Fontanella

[11]   Patent Number:   **Des. 354,441**

[45]   Date of Patent: ** Jan. 17, 1995

[54]   **BOTTLE**

[75]   Inventor:   **Adrienne Fontanella**, New York, N.Y.

[73]   Assignee:   **Sanofi Beaute Inc.**, New York, N.Y.

[**]   Term:   **14 Years**

[21]   Appl. No.:   **13,674**

[22]   Filed:   **Sep. 29, 1993**

[52]   U.S. Cl. ................................. D9/504; D9/505; D9/519

[58]   Field of Search ............... D9/504, 505, 519, 545, D9/503, 439, 529; 215/1 R, 1 C

[56]   **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D. 74,184 | 1/1928 | Michelin | D9/504 X |
| D. 75,124 | 5/1928 | Jenkins | D9/545 |
| D. 112,545 | 12/1938 | Younghusband | D9/504 |
| D. 142,654 | 10/1945 | Newport, Jr. | D9/503 |
| D. 230,954 | 3/1974 | Gregorietti | D9/504 |
| 3,243,068 | 3/1966 | Huston | D9/595 X |

*Primary Examiner*—Lucy J. Lieberman
*Attorney, Agent, or Firm*—Kuhn and Muller

[57]   **CLAIM**

The ornamental design for a bottle, as shown and described.

## DESCRIPTION

FIG. 1 is a front elevational view of the bottle, in an open position, the left side, right side and rear elevational views being mirror images thereof;

FIG. 2 is a front elevational view of the bottle in a closed position, the left side, right side and rear elevational views being a mirror image thereof;

FIG. 3 is a top plan view thereof;

FIG. 4 is a bottom view thereof;

FIG. 5 is a perspective view of the bottle in an open position; and,

FIG. 6 is a perspective view of the bottle in a closed position.



**U.S. Patent**    Jan. 17, 1995    Sheet 1 of 4    **Des. 354,441**



FIG. 1

FIG. 2

FIG. 3



FIG. 4



**U.S. Patent**    Jan. 17, 1995    Sheet 3 of 4    **Des. 354,441**



*FIG. 5*

**U.S. Patent**    Jan. 17, 1995    Sheet 4 of 4    **Des. 354,441**

*FIG. 6*



being a mirror image thereof;

FIG. 3 is a top plan view thereof;

FIG. 4 is a bottom view thereof;

FIG. 5 is a perspective view of the bottle in an open position; and,

FIG. 6 is a perspective view of the bottle in a closed position.

* * * * *





( 1 of 1 )

**United States Patent**                                                    **D354,441**
**Fontanella**                                                    **January 17, 1995**

## Bottle

## Claims

The ornamental design for a bottle, as shown and described.

| | |
|---|---|
| Inventors: | **Fontanella; Adrienne** (New York, NY) |
| Assignee: | **Sanofi Beaute Inc.** (New York, NY) |
| Appl. No.: | **D/013,674** |
| Filed: | **September 29, 1993** |

**Current U.S. Class:**                                        **D9/504** ; D9/505; D9/519
**Field of Search:**                          D9/504,505,519,545,503,439,529 215/1R,1C

## References Cited [Referenced By]

### U.S. Patent Documents

| | | |
|---|---|---|
| D74184 | January 1928 | Michelin |
| D75124 | May 1928 | Jenkins |
| D112545 | December 1938 | Younghusband |
| D142654 | October 1945 | Newport, Jr. |
| D230954 | March 1974 | Gregorietti |
| 3243068 | March 1966 | Huston |

*Primary Examiner:* Lieberman; Lucy J.
*Attorney, Agent or Firm:* Kuhn and Muller

## *Description*

FIG. 1 is a front elevational view of the bottle, in an open position, the left side, right side and rear elevational views being mirror images thereof;

FIG. 2 is a front elevational view of the bottle in a closed position, the left side, right side and rear elevational views

US00D488058S

(12) **United States Design Patent**
McGuinness

(10) Patent No.:     **US D488,058 S**
(45) Date of Patent:    **    Apr. 6, 2004**

(54) **BOTTLE AND CAP**

(75) Inventor: Palmer McGuinness, Coral Springs, FL (US)

(73) Assignee: Parlux Fragrances, Inc., Ft. Lauderdale, FL (US)

(**) Term: 14 Years

(21) Appl. No.: 29/181,642

(22) Filed: May 14, 2003

(51) LOC (7) Cl. ..................................................... 09-01
(52) U.S. Cl. ....................................................... D9/300
(58) Field of Search ........................... D9/300, 500, 504, D9/505, 529, 530, 537; 222/153.11, 153.12, 153.13, 153.14, 321.1, 321.6, 321.7, 321.8, 321.9; D28/91.1; 206/220

(56)                **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 3,087,707 A | * | 4/1963 | Moonan | 206/220 |
| 5,829,648 A | * | 11/1998 | Goeren et al. | 222/321.7 |
| D421,384 S | * | 3/2000 | Herrmann | D9/300 |
| D448,281 S | * | 9/2001 | Thibiant et al. | D9/300 |
| D470,042 S | * | 2/2003 | Reboso | D9/300 |

* cited by examiner

*Primary Examiner*—Paula A. Mortimer
(74) *Attorney, Agent, or Firm*—Blakely Sokoloff Taylor & Zafman, LLP

(57)                **CLAIM**

The ornamental design for a bottle and cap, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a first embodiment of a bottle and cap showing my new design;
FIG. 2 is a photograph of the front of the bottle and cap of FIG. 1;
FIG. 3 is a photograph of the left side of the bottle and cap of FIG. 1;
FIG. 4 is a photograph of the back of the bottle and cap of FIG. 1;
FIG. 5 is a photograph of the right side of the bottle and cap of FIG. 1;
FIG. 6 is a photograph of the top of the bottle and cap of FIG. 1;
FIG. 7 is a photograph of the bottom of the bottle and cap of FIG. 1;
FIG. 8 is a perspective view photograph of a second embodiment of a bottle and cap showing my new design;
FIG. 9 is a photograph of the front of the bottle and cap of FIG. 8;
FIG. 10 is a photograph of the left side of the bottle and cap of FIG. 8;
FIG. 11 is a photograph of the back of the bottle and cap of FIG. 8; and,
FIG. 12 is a photograph of the right side of the bottle and cap of FIG. 8.
The top and bottom of the second embodiment are the same as the top and bottom of the first embodiment.

**1 Claim, 4 Drawing Sheets**





**U.S. Patent**    Apr. 6, 2004    Sheet 1 of 4    US D488,058 S



Fig. 1



Fig. 8



Fig. 2

Fig. 3

Fig. 4

Fig. 5

**U.S. Patent**       Apr. 6, 2004      Sheet 3 of 4       US D488,058 S



Fig. 6



Fig. 7



Fig. 9



Fig. 10



Fig. 11



Fig. 12



# USPTO PATENT FULL-TEXT AND IMAGE DATABASE

| Home | Quick | Advanced | Pat Num | Help |

| Bottom |

| View Cart | Add to Cart |

| Images |

( 1 of 1 )

**United States Patent**                                                            **D488,058**
**McGuinness**                                                                   **April 6, 2004**

Bottle and cap

---

## Claims

The ornamental design for a bottle and cap, as shown and described.

---

| Inventors: | **McGuinness; Palmer** (Coral Springs, FL) |
| Assignee: | **Parlux Fragrances, Inc.** (Ft. Lauderdale, FL) |
| Appl. No.: | **D/181,642** |
| Filed: | **May 14, 2003** |

---

| **Current U.S. Class:** | **D9/690** |
| **Current International Class:** | 0901 |
| **Field of Search:** | D9/300,500,504,505,529,530,537 |
| | 222/153.11,153.12,153.13,153.14,321.1,321.6,321.7,321.8,321.9 |
| | D28/91.1 206/220 |

---

### References Cited [Referenced By]

#### U.S. Patent Documents

| 3087707 | April 1963 | Moonan |
| 5829648 | November 1998 | Goeren et al. |
| D421384 | March 2000 | Herrmann |
| D448281 | September 2001 | Thibiant et al. |
| D470042 | February 2003 | Reinoso |

*Primary Examiner:* Mortimer; Paula A.
*Attorney, Agent or Firm:* Blakely Sokoloff Taylor & Zafman, LLP

---

### *Description*

FIG. 1 is a perspective view of a first embodiment of a bottle and cap showing my new design;

FIG. 2 is a photograph of the front of the bottle and cap of FIG. 1;

FIG. 3 is a photograph of the left side of the bottle and cap of FIG. 1;

FIG. 4 is a photograph of the back of the bottle and cap of FIG. 1;

FIG. 5 is a photograph of the right side of the bottle and cap of FIG. 1;

FIG. 6 is a photograph of the top of the bottle and cap of FIG. 1;

FIG. 7 is a photograph of the bottom of the bottle and cap of FIG. 1;

FIG. 8 is a perspective view photograph of a second embodiment of a bottle and cap showing my new design;

FIG. 9 is a photograph of the front of the bottle and cap of FIG. 8;

FIG. 10 is a photograph of the left side of the bottle and cap of FIG. 8;

FIG. 11 is a photograph of the back of the bottle and cap of FIG. 8; and,

FIG. 12 is a photograph of the right side of the bottle and cap of FIG. 8.

The top and bottom of the second embodiment are the same as the top and bottom of the first embodiment.

* * * * *



US00D518382S

## (12) United States Design Patent
### McGuinness

(10) Patent No.:    **US D518,382 S**
(45) Date of Patent:    ** Apr. 4, 2006

(54) **BOTTLE AND CAP**

(75) Inventor:    **Palmer McGuinness**, Coral Springs, FL (US)

(73) Assignee:    **Parlux Fragrances, Inc.**, Ft. Lauderdale, FL (US)

(**) Term:    **14 Years**

(21) Appl. No.: 29/213,979

(22) Filed:    Sep. 23, 2004

(51) LOC (8) Cl. .................................................. 09-01
(52) U.S. Cl. .......................... **D9/504; D9/552; D28/89**
(58) Field of Classification Search .......... D9/446–449, D9/500, 502–505, 529, 551, 552, 558, 564, D9/686–688, 690, 692, 693, 694, 723–727, D9/900; D28/7, 85–89, 90
See application file for complete search history.

(56)    **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D196,413 S | * | 9/1963 | McCormick ................ D28/89 |
| D242,221 S | * | 11/1976 | Losegren ................ D9/688 |
| D249,928 S | * | 10/1978 | DE Nijs ................ D9/690 |
| D260,564 S | * | 9/1981 | Jedzinak et al. .......... D28/89 |
| D378,492 S | * | 3/1997 | Salle ................ D9/690 |
| D403,123 S | * | 12/1998 | Sgariboldi ................ D28/76 |
| D421,567 S | * | 3/2000 | Caporella et al. .......... D9/668 |
| D438,065 S | * | 2/2001 | Young et al. ................ D7/591 |
| D492,601 S | * | 7/2004 | Ogata et al. ................ D9/506 |

### FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| GB | 1009999 | * | 10/1983 |

GB    1056846    *  8/1989

### OTHER PUBLICATIONS

Modern Packaging, "Facial Tissue Dispenser", © Sep. 1970, Hoxy Corp., Tokyo & NY, p. 52, upper left.*
Aerosol Age, "Fragrances", © Aug. 1981, p. 34, New Products, Fragrances, Bottle by Barbara Cortlandlower right.*

* cited by examiner

*Primary Examiner*—Carol Rademaker
*Assistant Examiner*—Dana Sipes
(74) *Attorney, Agent, or Firm*—Blakely, Sokoloff, Taylor & Zafman LLP

(57)    **CLAIM**

The ornamental design for a bottle and cap, as shown and described.

### DESCRIPTION

FIG. 1 is a perspective view showing my new design;
FIG. 2 is a front elevational view thereof, the rear elevational view being identical, except for the unclaimed environment; and.
FIG. 3 is a top plan view thereof.
The bottom is flat and devoid of surface ornamentation.
The broken lines shown in the drawings are for illustrative purposes only and form no part of the claimed design.
For clarity of illustration, the helical pattern shown on the sidewall in FIGS. 1 and 2 has not been shown on the opposing sidewall as would be seen through the transparent surface. However, the helical line pattern is continuous around the sidewall.

**1 Claim, 2 Drawing Sheets**



**U.S. Patent**       Apr. 4, 2006       Sheet 1 of 2       US D518,382 S



*FIG. 1*

**U.S. Patent**     Apr. 4, 2006     Sheet 2 of 2     US D518,382 S



FIG. 2



FIG. 3



**United States Patent**                                                    **D518,382**
**McGuinness**                                                              **April 4, 2006**

Bottle and cap

## Claims

CLAIM The ornamental design for a bottle and cap, as shown and described.

Inventors: **McGuinness; Palmer** (Coral Springs, FL)
Assignee: **Parlux Fragrances, Inc.** (Ft. Lauderdale, FL)
Appl. No.: **D/213,979**
Filed: **September 23, 2004**

Current U.S. Class:                                **D9/504** ; D28/89; D9/552
Current International Class:                                          0901
Field of Search:              D9/446-449,500,502-505,529,551,552,558,564,686-
                              688,690,692,693,694,723-727,900 D28/7,85-89,90

### References Cited [Referenced By]

#### U.S. Patent Documents

| | | |
|---|---|---|
| D196413 | September 1963 | McCormick |
| D242221 | November 1976 | Lonegren |
| D249928 | October 1978 | DE Nijs |
| D260564 | September 1981 | Jedzinak et al. |
| D378492 | March 1997 | Salle |
| D403123 | December 1998 | Sgariboldi |
| D421567 | March 2000 | Caporella et al. |
| D438065 | February 2001 | Young et al. |
| D492601 | July 2004 | Ogata et al. |

#### Foreign Patent Documents

| | | |
|---|---|---|
| 1009999 | Oct., 1983 | GB |
| 1056846 | Aug., 1989 | GB |

**Other References**

Modern Packaging, "Facial Tissue Dispenser",.COPYRGT. Sep. 1970, Hoxy Corp., Tokyo & NY, p. 52, upper left. cited by examiner .
Aerosol Age, "Fragrances", .COPYRGT. Aug. 1981, p. 34, New Products, Fragrances, Bottle by Barbara Cortlandlower right. cited by examiner.

*Primary Examiner:* Rademaker; Carol
*Assistant Examiner:* Sipos; Dana
*Attorney, Agent or Firm:* Blakely, Sokoloff, Taylor & Zafman LLP

---

### *Description*

---

FIG. 1 is a perspective view showing my new design;

FIG. 2 is a front elevational view thereof, the rear elevational view being identical, except for the unclaimed environment; and,

FIG. 3 is a top plan view thereof.

The bottom is flat and devoid of surface ornamentation.

The broken lines shown in the drawings are for illustrative purposes only and form no part of the claimed design.

For clarity of illustration, the helical pattern shown on the sidewall in FIGS. 1 and 2 has not been shown on the opposing sidewall as would be seen through the transparent surface. However, the helical line pattern is continuous around the sidewall.

\* \* \* \* \*

---





US00D425407S

# United States Patent [19]

## Ackerman

[11] Patent Number: Des. 425,407

[45] Date of Patent: ** May 23, 2000

[54] **COLOGNE DISPENSER**

[75] Inventor: **Linda L. Ackerman**, Wilton Manors, Fla.

[73] Assignee: **Parlux Fragrances, Inc**, Ft. Lauderdale, Fla.

[**] Term: **14 Years**

[21] Appl. No.: **29/105,394**

[22] Filed: **May 24, 1999**

[51] LOC (7) Cl. .............................................. **09-01**

[52] U.S. Cl. .............................................. **D9/300**

[58] Field of Search ................. D9/300, 448, 530, D9/542, 551, 558, 564, 573, 574; D28/91.1; 222/153.11, 153.12, 153.13, 153.14, 320, 321.1, 321.6, 321.7, 321.8, 321.9, 324, 402.1, 402.11, 402.13; 239/333, 337

[56] **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D. 260,605 | 9/1981 | Saunders | D9/300 |
| D. 277,549 | 2/1985 | Martinez | D9/300 |
| D. 292,066 | 9/1987 | Gazulla | D9/300 |
| D. 292,365 | 10/1987 | Schmidt | D9/300 |
| D. 306,554 | 3/1990 | Lawson | D9/300 |
| D. 372,872 | 8/1996 | Crawford | D9/329 |
| 5,918,777 | 7/1999 | Flak | 222/212 |

*Primary Examiner*—Cathron B. Matta

*Attorney, Agent, or Firm*—Blakely, Sokoloff, Taylor & Zafman LLP

[57] **CLAIM**

The ornamental design for a cologne dispenser, as shown and described.

### DESCRIPTION

FIG. 1 is a perspective view showing the front, top and right side of my new design;

FIG. 2 is a rear elevation view thereof;

FIG. 3 is a right side elevation view thereof, the left side being a mirror image;

FIG. 4 is a top plan view thereof; and,

FIG. 5 is a bottom plan view thereof.

**1 Claim, 1 Drawing Sheet**



**U.S. Patent**          May 23, 2000          **Des. 425,407**

FIG. 1



FIG. 2



FIG. 4





FIG. 3

FIG. 5





## USPTO PATENT FULL-TEXT AND IMAGE DATABASE

(1 of 1)

**United States Patent**                                           **D425,407**
**Ackerman**                                                    **May 23, 2000**

Cologne dispenser

### Claims

The ornamental design for a cologne dispenser, as shown and described.

Inventors: **Ackerman; Linda L.** (Wilton Manors, FL)
Assignee: **Parlux Fragrances, Inc** (Ft. Lauderdale, FL)
Appl. No.: **D/105,394**
Filed: **May 24, 1999**

Current U.S. Class:                                                **D9/687**
Current International Class:                                         0901
Field of Search:           D9/300,448,530,542,551,558,564,573,574 D28/91.1
                  222/153.11,153.12,153.13,153.14,320,321.1,321.6,321.7,321.8,321.9,324,402.1
                                                              239/333,337

### References Cited [Referenced By]

#### U.S. Patent Documents

| | | |
|---|---|---|
| D260605 | September 1981 | Saunders |
| D277549 | February 1985 | Martinez |
| D292066 | September 1987 | Gazulla |
| D292265 | October 1987 | Schmidt |
| D306554 | March 1990 | Lawson |
| D372872 | August 1996 | Crawford |
| 5918777 | July 1999 | Flak |

*Primary Examiner:* Matta; Cathron B.
*Attorney, Agent or Firm:* Blakely, Sokoloff, Taylor & Zafman LLP

### Description

FIG. 1 is a perspective view showing the front, top and right side of my new design;

FIG. 2 is a rear elevation view thereof;

FIG. 3 is a right side elevation view thereof, the left side being a mirror image;

FIG. 4 is a top plan view thereof; and,

FIG. 5 is a bottom plan view thereof.

* * * * *

