**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PEI LICENSING, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>v.<br><br>PERFUME NETWORK, a New York corporation; MAJOR PERFUMES, INC., a New York corporation; TRADE PLUS, INC., a New York corporation; HARBANS LAL GERA, an individual; and BHARAT GERA, an individual,<br><br>        Defendants. | CIV. ACTION NO.:<br><br>**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>USDS SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 4/19/07 |

Plaintiff PEI Licensing, Inc.'s ("PEI"), having moved against Defendants Perfume Network, Inc. ("Perfume Network"), Major Perfumes, Inc. ("Major Perfumes"), Trade Plus, Inc. ("Trade Plus"), Harbans Lal Gera ("Harbans Gera") and Bharat Gera (collectively "Defendants") for an Order to Show Cause for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 and 15 U.S.C. §1051, *et seq.* (the "Lanham Act") for the reason that Defendants are manufacturing, importing, distributing, offering for sale and/or selling goods that infringe PEI's trademarks ("360° Marks") and trade dress ("360° Trade Dress"); and

The Court, having reviewed the Complaint, Memorandum of Law, supporting declarations and exhibits submitted herewith.

IT IS HEREBY ORDERED, that Defendants show cause on the __1__ day of May, 2007, at __4:30__ a.m./p.m. or as soon thereafter as counsel can be heard in Courtroom __23B__ of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, why an Order pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act should not be entered granting PEI a preliminary injunction that enjoins Defendants:

    a)    from using in any manner the 360° Marks and/or 360° Trade Dress, alone or in combination with any word or words which so resemble each said

trademark as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not PEI's, or not authorized by PEI to be sold in connection with each of the 360° Marks and/or 360° Trade Dress;

b) from passing off, inducing, or enabling others to sell or pass off any product as and for products produced by PEI, not PEI's, or not produced under the control and supervision of PEI and approved by PEI for sale under the 360° Marks and/or 360° Trade Dress;

c) from committing any acts that cause purchasers to believe that Defendants' products are those sold under the control and supervision of PEI, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of PEI;

d) from further diluting and infringing all 360° Marks and/or 360° Trade Dress and damaging PEI's goodwill;

e) from shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for PEI, nor authorized by PEI to be sold or offered for sale, and which bear any of the 360° Marks and/or 360° Trade Dress;

f) from otherwise competing unfairly with PEI or any of its authorized licensees in any manner; and

g) from assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f); and it is further

ORDERED, that PEI shall have up to and including April 19, 2007, *by noon* within which to serve this Order together with the Summons and Complaint, and all papers submitted to the Court in support of PEI's Motion for an Order to Show Cause on Preliminary Injunction. Such service

- 2 -

shall be made on Defendants personally at Defendants' place of business or residence or by delivery to Defendants' attorneys; and it is further ~~Courtesy copies~~ _Courtesy copies of all papers to chambers upon filing._ and it is further

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for PEl by delivering copies thereof to the offices of Greenberg Traurig LLP, 200 Park Avenue, New York, New York, 10166, Attention: G. Roxanne Elings, on or before ~~May 2~~ April 2, 2007 _by close of business_, Any reply shall be filed and served by PEl by on or before ~~May 2~~ April _[illegible]_, 2007 and it is further

ORDERED that Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in the immediate issuance of the requested Preliminary Injunction. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SO ORDERED

Dated: April 17, 2007
Time: 3:00 a.m./p.m.

_____
United States District Judge

- 3 -