# Exhibit E

07 CV 550

JUDGE STEIN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ANIMALE GROUP, INC., a Florida
corporation; and ANIMALE GROUP
S.A., a Panama corporation,

        Plaintiffs,

v.

PERFUME NETWORK, a New York
corporation; HARBANS LAL GERA, an
individual; JOHN DOES 1-15 and XYZ
CORPS. 1-15,

        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIV. ACTION NO.:

[PROPOSED] ORDER GRANTING
*EX PARTE* APPLICATION FOR
TEMPORARY RESTRAINING
ORDER, SEIZURE ORDER, ASSET
RESTRAINING ORDER,
EXPEDITED DISCOVERY ORDER
AND ORDER TO SHOW CAUSE
FOR PRELIMINARY INJUNCTION

[FILED UNDER SEAL
PURSUANT TO 15 U.S.C. § 1116]

RECEIVED

---

Plaintiffs Animale Group, Inc. and Animale Group S.A. (collectively
"ANIMALE"), having moved *ex parte* against Defendants Perfume Network ("Perfume
Network"), Harbans Lal Gera ("Gera"), and various John Does and XYZ Companies
(collectively "Defendants"), for a temporary restraining order, seizure order, asset
restraining order, expedited discovery order and order to show cause for preliminary
injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C.
§1051, *et seq.*), as amended by the Trademark Counterfeiting Act of 1984, Public Law
98-473 (the "Lanham Act"), for the reason that Defendants are manufacturing, importing,
exporting, distributing, marketing, advertising, offering for sale and/or selling goods
bearing counterfeit reproductions of ANIMALE's federally registered and common law
trademarks as set forth in ANIMALE's Complaint in this action (collectively, the
"ANIMALE Marks"), which are owned and controlled by ANIMALE, and the Court,
having reviewed the Complaint, Memorandum of Law, supporting Declarations and
exhibits submitted therewith, finds:

    1.    ANIMALE is likely to succeed in showing that Defendants have used and
are continuing to use counterfeits or infringements of the ANIMALE Marks in

connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of products, including but not limited to perfumes (the "Counterfeit Products");

2.      The manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling of the Counterfeit Products will result in immediate and irreparable injury to ANIMALE if seizure of the Counterfeit Products and the records pertaining thereto is not ordered;

3.      Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make assets, Counterfeit Products and business records relating thereto inaccessible to the Court if ANIMALE proceeded on notice to Defendants, thus frustrating the ultimate relief ANIMALE seeks in this action;

4.      The harm to ANIMALE from denial of the requested *ex parte* seizure order outweighs the harm to Defendants' legitimate interests against granting such an order;

5.      ANIMALE has represented they have not publicized the requested seizure order;

6.      ANIMALE has provided the United States Attorney with reasonable notice of this application for an *ex parte* seizure order;

7.      ANIMALE has demonstrated the location(s) at which Defendants are offering for sale and/or selling the Counterfeit Products and are likely to be holding the business records relating thereto; and

8.      Entry of an order other than an *ex parte* seizure order would not adequately achieve the purposes of the Lanham Act to preserve ANIMALE's remedies for trademark counterfeiting, including, *inter alia*, destruction of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and an award to ANIMALE of lost profits or damages.

2

THEREFORE, IT IS HEREBY ORDERED that Defendants, including Perfume Network, Gera, and any John Doe or XYZ Corporation defendants who receive notice of this Order, appear to show cause on the _1st_ day of ~~January~~ Feb, 2007, at _10:00_ a.m./p.m. or as soon thereafter as counsel can be heard, in Courtroom _12B_, in the United States District Court for Southern District of New York why an Order pursuant to Federal Rule ___ on such other terms and of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting place as the Part I ANIMALE a preliminary injunction as follows: Judge shall determine

    1.    Restraining and enjoining Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through or under them, during the pendency of this action, from:

    a)    Using in any manner the ANIMALE Marks, alone or in combination with any word or words which so resemble each said trademark as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not ANIMALE's, or not authorized by ANIMALE to be sold in connection with the ANIMALE Marks;

    b)    Passing off, reverse passing off, inducing, or enabling others to sell or pass off any product as and for products produced by ANIMALE, not ANIMALE's, or not produced under the control and supervision of ANIMALE and approved by ANIMALE for sale under the ANIMALE Marks;

    c)    Committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of ANIMALE, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of ANIMALE;

    d)    Further diluting and infringing all ANIMALE Marks and damaging ANIMALE's goodwill;

3

e)      Shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for ANIMALE, nor authorized by ANIMALE to be sold or offered for sale, and which bear ANIMALE Marks;

f)      Otherwise competing unfairly with ANIMALE in any manner; and

g)      Assisting any other party in committing the acts described above in Paragraph 1(a)-(f).

2.      Impounding, during the pendency of this action, perfumes and other items, including, without limitation, samples, labels, printing devices, advertising, packaging and other materials and merchandise seized pursuant to the provisions of this Order.

IT APPEARING to the Court that Defendants are manufacturing, exporting importing, distributing, marketing, advertising, offering for sale and/or selling the Counterfeit Products, and will continue to carry out such acts unless restrained by Order of the Court:

IT IS FURTHER ORDERED, that pending the hearing on ANIMALE's application for a preliminary injunction, Defendants, including Perfume Network, Gera, and any John Doe or XYZ Corporation defendants who receive notice of this Order, and their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from:

(a) committing any of the acts set forth in subparagraph (1)(a)-(g) above;

(b) moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents bearing, relating to or used for reproducing the ANIMALE Marks or any reproduction, counterfeit, copy or colorable imitation thereof;

(c) removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to the manufacture,

4

acquisition, purchase, distribution or sale of goods bearing the ANIMALE Marks or any reproduction, counterfeit, copy or colorable imitation thereof; and

IT IS FURTHER ORDERED, that the United States Marshal for this District or the District in which Defendants are located, as applicable, or any federal, state, county or local law enforcement officers, together with one or more attorneys or agents of ANIMALE, is hereby authorized and directed to seize and impound from all locations within this District and any other Districts where the Counterfeit Products are sold, offered for sale, distributed, transported, manufactured and/or stored including, but not limited to the following location(s) at which Defendants are doing business:

**Perfume Network**
70 Gordon Dr.
Syosset, NY 11791
T: 516.921.4440

and deliver to ANIMALE or its representatives any and all unauthorized and unlicensed merchandise bearing the ANIMALE Marks, as well as the means for making same; the books and records relating thereto, including, but not limited to, records and data contained in electronic format on computers, hard drives, zip drives and/or disks, and the computers, hard drives, zip drives and/or disks containing such records and data in electronic form; as well as the containers or vehicles in which any of the foregoing items are maintained, held, or transported; and

IT IS FURTHER ORDERED, that the United States Marshal or other law enforcement officer(s) effecting such seizure shall employ whatever reasonable force is necessary to enter the premises owned, leased or controlled by Defendants or the location to be searched where the Counterfeit Products or labels and business records relating thereto may be found, and together with counsel for ANIMALE, inspect the contents of any computers, rooms, vehicles, closets, cabinets, containers, cases, desks or documents located on the identified locations or other premises controlled by Defendants; and

IT IS FURTHER ORDERED, that ANIMALE's agents shall promptly inspect all items seized and, if any items are found to be authorized products, such items are to be

5

returned to Defendants within ten (10) business days after the date this Order is executed; and

IT IS FURTHER ORDERED, that the search and seizure ordered herein may be photographed or videotaped by the representatives of ANIMALE for the purpose of authenticating and assisting in obtaining evidence and preventing any controversy regarding the activities and events occurring during said search and seizure; and

IT IS FURTHER ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and

IT IS FURTHER ORDERED, that any merchandise or means of making such merchandise or records and other items seized shall be appropriately tagged to permit identification; Defendants shall be given a receipt therefor; such merchandise, records or other items seized shall be impounded in the custody or control of ANIMALE or ANIMALE's agents as substitute custodian pending further order of this Court and shall be made available for inventory or inspection by the party from which it was seized or its counsel during normal business hours; and that any such records seized shall likewise be impounded and shall be subject to a protective order whereby access thereto shall be initially restricted to ANIMALE's counsel, Defendants and Defendants' attorneys of record, who shall all be permitted to inspect and copy such records, and such records shall be copied and the copies returned to Defendants within five (5) business days of the date this Order is executed.  This protective order, restricting access to such documents, shall expire on the date set forth above for the hearing on the Order to Show Cause, unless extended by Court order, so that at such hearing and thereafter the contents of such records may be revealed, unless otherwise ordered by this Court; and

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. §1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents and any persons in active

6

concert or participation with them, and any banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, are temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks or other assets of Defendants, without prior approval of the Court, except as to a defendant that files with the Court and serves upon ANIMALE's counsel:

1.    an accounting of any Defendants' assets having a value of five thousand dollars ($5,000) or more, and the location and identity thereof; and

2.    uncontradicted documentary proof accepted by ANIMALE, (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of Defendants' counterfeiting activities or can be deemed substituted assets for the proceeds of Defendants' counterfeiting activities, in which case those particular assets shall be released to such Defendants; and

IT IS FURTHER ORDERED, that upon two (2) days written notice to the Court and ANIMALE's counsel, any Defendant may appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets upon an evidentiary showing by Defendants of a full accounting of their assets having a value of five thousand dollars ($5,000) or more, and that such modifications are necessary and that Defendants have no other means to pay the expenses detailed below:

1.    allowing payments for ordinary living expenses not to exceed two thousand dollars ($2,000) per month, with an accounting of such payments to be filed with the Court and provided to ANIMALE within ten (10) days following the end of each month;

2.    allowing Defendants to pay ordinary, legitimate business expenses as follows:

a.     rent or mortgage in the amount normally paid as required in any lease or loan on any premises by such Defendants or companies, upon presentation of said lease or loan document to ANIMALE's counsel and verification thereof;

b.     ordinary and regular salaries to any bona fide employees, other than any of the Defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive; provided, however, that such salaries shall be paid to persons who were on the payroll of such Defendants as of the date of this Order, and such salaries do not exceed the prior month's level and further provided that Defendants shall first present to ANIMALE's counsel written documentation identifying and verifying all individuals proposed to be paid and the particulars of the salaries proposed therefor;

c.     ordinary and necessary bills for utilities;

d.     payments of any amounts less than two thousand dollars ($2,000), not to exceed an aggregate of more than five thousand dollars ($5,000) per month, for ordinary business expenses, which transfers shall be documented and this documentation provided to ANIMALE's counsel within ten (10) days following the end of each month;

3.     Defendants shall provide ANIMALE's counsel with an accounting of all payments of living expenses, business expenses and any transfers of assets made pursuant to this Order within ten (10) days following the end of each month; and it is further

IT IS FURTHER ORDERED, that ANIMALE shall post a corporate surety bond, cash or a certified or attorney's check in the amount of ten thousand dollars ($10,000) as security, determined adequate for the payment of such damages as any person may be

8

entitled to recover as a result of a wrongful seizure, attempted seizure, or restraint hereunder; and

IT IS FURTHER ORDERED, that sufficient cause having been shown, the above seizure shall take place and service of this Order together with the Summons and Complaint, shall be made on Defendants personally, or by delivery to an adult of suitable age, at Defendants' place of business or residence or where Defendants are selling or holding for sale the items to be seized and the records related thereto, and that such service shall be made and such seizure shall take place within ten (10) days from the date of this Order, except as to John Doe or XYZ Corporation defendants who may be later identified, or at such time as may be extended by this Court; and

IT IS FURTHER ORDERED, that ANIMALE's counsel file with the court within ten (10) business days after the seizure is executed an affidavit or declaration stating the date on which the seizure was executed, whether goods and/or other materials were seized and a description thereof, and where the goods and/or other materials are stored; and

IT IS FURTHER ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for ANIMALE by delivering copies thereof to the offices of Greenberg Traurig LLP, 200 Park Avenue, 34th Floor, New York, New York, 10166, Attention: G. Roxanne Elings, Esq., no less than two (2) days in advance of the hearing to show cause as set forth above, with any reply by ANIMALE to be filed and serve at the hearing; and

IT IS FURTHER ORDERED, that discovery herein may begin immediately and ANIMALE be permitted, immediately after service of the Court's order, to inspect and copy Defendants' records of the purchase, manufacture, importation, exportation, distribution, advertising, marketing, offer for sale and sale of Counterfeit Products, as well as serve discovery requests pursuant to Fed. R. Civ. P. 33 and 34, to be answered within two business days of service, and thereafter, to take depositions of the persons responsible for Defendants' business; and

9

IT IS FINALLY ORDERED, that this action shall remain sealed by the Court until the date for hearing on the Order to Show Cause set forth above, at which time the Clerk shall remove the seal.

Defendants are hereby given notice that failure to attend the hearing scheduled herein shall result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the requested preliminary injunction to take effect immediately upon expiration or dissolution of the within temporary restraining order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this temporary restraining order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such preliminary injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

DATED this _2?_ day of January, 2007.     UNITED STATES DISTRICT COURT

Hour: _//:50_____ a.m./p.m.     By: _____

                                        United States District Judge

                                              *Part I*

10

United States District Court
Southern District of Texas
FILED

JAN 2 6 2007

Michael N. Milby, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

United States District Court
Southern District of Texas
ENTERED

FEB - 9 2007

Michael N. Milby, Clerk
Laredo Division

| | | |
|---|---|---|
| ANIMALE GROUP, INC. and ANIMALE GROUP, S.A.; | § § § | |
| *Plaintiffs,* | § | CIVIL ACTION NO. $5:07-CV-13$ |
| v. | § § | |
| SUNNY'S PERFUME, INC.; SUNIL KUMAR TYAGI; BARAT GERA; PARFUMS CLANDESTINE PARIS; JOHN DOES 1-15; and XYZ CORPS. 1-15; | § § § § § | FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116 |
| *Defendants.* | § | |

---

**PLAINTIFFS' TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER RESTRAINING ASSETS, ORDER SEALING FILE, ORDER FOR EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

---

Plaintiffs ANIMALE GROUP, INC. and ANIMALE GROUP, S.A. having moved *ex parte* against Defendants Sunny's Perfume, Inc., Sunil Kumar Tyagi, Barat Gera, Parfums Clandestine Paris, John Does 1-15, and XYZ Corps. 1-15 (Unidentified) (collectively "Defendants") for a temporary restraining order, seizure order, order restraining assets, order sealing file, order expediting discovery and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S. C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984) and the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996) (the "Lanham Act"), for the reason that Defendants are manufacturing, printing, distributing, offering for sale and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names and/or logos as listed in Plaintiffs'

1

Original Complaint filed concurrently herewith and incorporated herein by reference (collectively, "Plaintiffs' Marks"), which are owned and controlled by Plaintiffs and used only in connection with products listed in Plaintiffs' Original Complaint and incorporated herein by reference (collectively "Plaintiffs' Products"), and the Court having reviewed the Original Complaint, Application for Injunctive Relief, Memorandum of Law in Support Thereof, supporting declarations and exhibits submitted herewith, the Court finds:

1.     Plaintiffs are likely to succeed in showing Defendants have used and are continuing to use counterfeits or infringements of Plaintiffs' Marks in connection with the manufacture, distribution, offer for sale and/or sale of merchandise, including but not limited to perfumes (hereinafter "Defendants' Counterfeit Merchandise");

2.     The manufacturing, printing, distributing, offering for sale and/or selling of Defendants' Counterfeit Merchandise will result in immediate and irreparable injury to Plaintiffs if seizure of Defendants' Counterfeit Merchandise and the records pertaining thereto is not ordered;

3.     Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make the Defendants' Counterfeit Merchandise and business records relating thereto inaccessible to the Court if Plaintiffs were to proceed on notice to Defendants, thus frustrating the ultimate relief Plaintiffs seek in this action;

4.     Plaintiffs' harm from denial of the requested *ex parte* seizure order would outweigh the harm to Defendants' legitimate interests from granting such an order;

5.     Plaintiffs have represented that they have not publicized the requested seizure order;

6. Plaintiffs have provided the United States Attorney with reasonable notice of this application for an *ex parte* seizure order;

7. Plaintiffs have demonstrated the locations at which Defendants are offering for sale and/or selling Defendants' Counterfeit Merchandise, at which locations Defendants are also likely to be holding the business records related thereto; and

8. Entry of an order other than an *ex parte* seizure order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark counterfeiting, including, *inter alia*, destruction of Defendants' Counterfeit Merchandise, the acquisition of the business records relating to Defendants' Counterfeit Merchandise, and an award to Plaintiffs of lost profits or damages.

THEREFORE, IT IS HEREBY ORDERED that Defendants, including Defendants Sunny's Perfume, Inc., Sunil Kumar Tyagi, Barat Gera, Parfums Clandestine Paris, John Does 1-15, and XYZ Corps. 1-15 (Unidentified), their true identities being unknown, show cause on or before the 6th day of _____, 2007 at 11:00 a.m./p.m. or as soon thereafter as counsel can be heard, in Courtroom____ in the United States Courthouse, 1300 Victoria St., Laredo, Texas, why an Order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting Plaintiffs a preliminary injunction as follows:

(a) Enjoining and restraining Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them from:

(i) using Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks in connection with the manufacture, distribution, advertising,

3

(ii)     passing off, inducing or enabling others to sell or pass of any perfumes or other items which are not Plaintiffs' genuine merchandise as and for Plaintiffs' genuine merchandise; and

(iii)    committing any other acts calculated to cause purchasers and/or the general public to believe that Defendants' products are Plaintiffs' genuine merchandise unless they are such; and

(iv)     shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner perfumes or other items falsely bearing Plaintiffs' Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

(b)     Impounding, during the pendency of this action, perfumes and other items, including, without limitation, molds, labels, patches, printing devices, advertising, packaging and other materials and merchandise seized pursuant to the provisions of this Order.

(c)     Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

IT APPEARING to the Court that Defendants are manufacturing, printing, distributing, offering for sale and/or selling Defendants' Counterfeit Merchandise and will continue to carry out such acts unless restrained by Order of the Court, it is hereby:

ORDERED, that pending the hearing on Plaintiffs' application for preliminary injunction, Defendants, including Sunny's Perfume, Inc., Sunil Kumar Tyagi, Barat Gera, Parfums Clandestine Paris, John Does 1-15, and XYZ Corps. 1-15 (Unidentified), their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them,

4

or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from: (a) committing any of the acts set forth in subparagraphs a(i)-(iv) above; (b) moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents bearing, relating to or used for reproducing Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable imitation thereof; or (c) removing, destroying or otherwise disposing of any computer tapes or disks, business records or other documents relating in any way to the manufacture, acquisition, purchase, distribution or sale of goods bearing Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable imitation thereof; and it is further

ORDERED, that the United States Marshal for this District or in the alternative, any federal, state, county or local law enforcement officers, assisted by one or more attorneys and agents of Plaintiffs under the supervision of said attorneys, is hereby authorized and directed to seize, impound and deliver to Plaintiffs or its representatives (i) any and all unauthorized and unlicensed merchandise bearing Plaintiffs' Marks as described above; (ii) the means for making same; (iii) the books and records relating thereto, including but not limited to records and data contained in electronic format on computers, servers, hard drives, zip drives and/or disks; and (iv) the containers or vehicles in which same are held or transported, which Defendants sell, attempt to sell or hold for sale, at all locations within this District and other Districts where Defendants' Counterfeit Merchandise is sold, offered for sale, distributed, transported, manufactured and/or stored including, but not limited to 1302 Zaragoza Street, Laredo, Texas 78040 and 1320 Iturbide Street, Laredo, Texas 78040-5240; and it is further

ORDERED, that the United States Marshal or other law enforcement officer(s) effecting such seizure shall employ whatever reasonable force is necessary to enter the premises owned,

leased or controlled by Defendants or the location to be searched where Defendants' Counterfeit Merchandise or labels and business records relating thereto may be found, and to inspect the contents of any computers, rooms, vehicles, closets, cabinets, boxes, cartons, crates, containers, cases, desks or any other documents located on the identified locations or other premises controlled by Defendants; and it is further

ORDERED, that Plaintiffs' agents shall promptly inspect all items seized and, if any items are found to be authorized products, such items are to be returned to Defendants within twenty business days after the date this Order is executed; and it is further

ORDERED, that the search and seizure order herein may be photographed or videotaped for the purpose of authenticating and assisting in obtaining evidence and preventing any controversy regarding the activities and events occurring during said search and seizure; and it is further

ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and it is further

ORDERED, that any merchandise or means of making such merchandise or records and other items seized shall be appropriately tagged to permit identification; Defendants shall be given a receipt thereof; such merchandise, records or other items seized shall be impounded in the custody or control of Plaintiffs or Plaintiffs' agents as substitute custodian pending further order of this Court and shall be made available for inventory or inspection by the party from which it was seized or its counsel during normal business hours; and that any such records seized shall likewise be impounded and shall be subject to a protective order whereby access thereto shall be initially restricted to Plaintiffs' counsel and Defendants and Defendants' attorneys of

record, who shall all be permitted to inspect and copy such records, and such records shall be copied and the copies returned to Defendants within twenty (20) days of the date this Order is executed. This protective order, restricting access to such documents, shall expire on the date set forth above for the hearing on the Order to Show Cause whether or not said hearing occurs, unless extended by Court order, so that at such hearing and thereafter the contents of such records may be revealed, unless otherwise ordered by this Court; and it is further

ORDERED, that Plaintiffs shall post a corporate surety bond, cash or a certified or attorney's check in the amount of $10,000.00 as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure, attempted seizure, or restraint hereunder; and it is further

ORDERED, that sufficient cause having been shown, the above seizure shall take place and service of this Order together with the Summons and Complaint, shall be made on Defendants personally, or by delivery to an adult of suitable age, at Defendants' place of business or residence or where Defendants are selling or holding for sale the items to be seized, and that such service shall be made and such seizure shall take place ~~within ten (10) days~~ *not later than 7 days* from the date of this Order or at such time as may be extended by this Court; and it is further

ORDERED, that Plaintiffs' counsel file with the Court within ten (10) business days after the seizure is executed an affidavit or declaration stating the date on which the seizure was executed, whether goods and/or other materials were seized and a description thereof, and where the goods and/or other materials are stored; and it is further

ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants, including but not limited to

Sunny's Perfume, Inc., Sunil Kumar Tyagi, Barat Gera, Parfums Clandestine Paris, John Does 1-15, and XYZ Corps. 1-15 (Unidentified), and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, are temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks or other assets of Defendants, without prior approval of the Court, except as to a Defendant that files with the Court and serves upon Plaintiffs' counsel:

(1)    an accounting of any Defendant's assets having a value of two thousand dollars ($2,000) or more, and the location and identity thereof; and

(2)    uncontradicted documentary proof accepted by Plaintiffs, (such acceptance not to be unreasonably withheld) that particular assets are not proceeds of Defendants' counterfeiting activities, in which case those particular assets shall be released to such Defendant; and it is further

ORDERED, that upon two (2) days written notice to the court and Plaintiffs' counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets, including the following modifications:

(1)    allowing payments for ordinary living expenses not to exceed two thousand dollars ($2,000) per month, with an accounting of such payments to be filed with the Court and provided to Plaintiffs within ten (10) days following the end of each month;

(2)    allowing Defendant to pay ordinary, legitimate business expenses as follows:

(a)     rent or mortgage in the amount normally paid as required in any lease or loan on any premises by such Defendant or company, upon presentation of said lease or loan document to Plaintiffs' counsel and verification thereof;

(b)     ordinary and regular salaries to any bona fide employees, other than any of the Defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive; provided, however, that such salaries shall be paid to persons who were on the payroll of such Defendant as of the date of this Order, and such salaries do not exceed the prior month's level and further provided that Defendant shall first present to Plaintiffs' counsel written documentation identifying and verifying all individuals proposed to be paid and the particulars of the salaries proposed therefor;

(c)     ordinary and necessary bills for utilities;

(d)     payments of any amounts less than two thousand dollars ($2,000), not to exceed an aggregate of more than five thousand ($5,000) per month, for ordinary business expenses, which transfers shall be documented and this documentation provided to Plaintiffs' counsel within ten (10) days following the end of each month;

(3)     Defendants shall provide Plaintiffs' counsel with an accounting of all payments of living expenses, business expenses and any transfers of assets made pursuant to this Order within ten (10) days following the end of each month; and it is further;

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies thereof to the offices of Greenberg Traurig, L.L.P., 1000 Louisiana Street, Suite 1800, Houston, Texas 77002 Attention: L. Bradley Hancock, Esq., before 5:00 a.m./p.m. on Jul 2 , 2007. Any reply shall be filed and served by Plaintiffs at the hearing; and it is further

9

ORDERED, that discovery herein may begin immediately and Plaintiffs be permitted, immediately after service of the Court's Order, to inspect and copy Defendants' records of the purchase, manufacture, and sale of Counterfeit Merchandise wherever located including but not limited to 1302 Zaragoza Street, Laredo, Texas 78040 and 1320 Iturbide Street, Laredo, Texas 78040-5240, and thereafter, to take depositions of the persons responsible for Defendants' business; and it is finally

ORDERED, that this action shall remain sealed by the Court until the date for hearing on the Order to Show Cause set forth above, at which time the Clerk shall remove the seal.

Defendants are hereby given notice that failure to attend the hearing scheduled herein shall result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SO ORDERED:

DATE: Jan 26, 2007

_____
United States District Judge

U. S. MARSHAL'S OFFICE
BY: _____
DATE: 1-26-07
TIME: 9:35 AM

United States District Court
Southern District of Texas
FILED

JAN 2 6 2007

Michael N. Milby, Clerk

TDH

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

United States District Court
Southern District of Texas
ENTERED

FEB ⎯ 9 2007

Michael N. Milby, Clerk
Laredo Division

| | |
|---|---|
| ANIMALE GROUP, INC.<br>and ANIMALE GROUP, S.A.;<br>    *Plaintiffs,*<br>v.<br>SUNNY'S PERFUME, INC.; SUNIL<br>KUMAR TYAGI; BARAT GERA;<br>PARFUMS CLANDESTINE PARIS;<br>JOHN DOES 1-15; and XYZ CORPS.<br>1-15;<br>    *Defendants.* | § § § § § § § § § § § § |

CIVIL ACTION NO. 5:07-CV-13

**FILED UNDER SEAL PURSUANT TO**
**15 U.S.C. § 1116**

---

### ORDER FOR SEIZURE

---

1.   *Plaintiffs.* The plaintiffs are Animale Group, Inc. and Animale Group, S.A. ("Plaintiffs"). They own numerous trademarks to perfume products listed in the complaint, including but not limited to, Animale Ladies 3.4 oz. spray perfume bearing them.

2.   *Defendants.* The Defendants are Sunny's Perfume, Inc., Sunil Kumar Tyagi, Barat Gera, Parfums Clandestine Paris, John Does 1-15, and XYZ Corps. 1-15 who do business at 1302 Zaragoza St., Laredo, Texas, 78040 and 1320 Iturbide St., Laredo, Texas, 78040 ("Defendants").

3.   *Nature of Claim.* The plaintiffs have presented evidence that Defendants are selling counterfeit ladies perfume under the Animale Group's federally registered trademarks.

4.   *Injury.* These actions deprive the Plaintiffs of the exclusive rights to their marks, and put the Plaintiffs' commercial reputations beyond their control. In addition to the unknowable amount of lost revenues resulting from the sale of counterfeit products, inferior products are likely to be attributable to Plaintiffs. These injuries cannot readily be ascertained, precluding compensation in damages. Defendants' acts threaten irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law.

5.   *Notice.* Plaintiffs have presented evidence that, unless an order is granted without notice, a substantial likelihood exists that counterfeit products and related evidence will disappear before they can be recovered.

6.  *Findings.* The court finds that Plaintiffs have shown:

   A.  Substantial likelihood of success on the merits;

   B.  They are likely to suffer irreparable harm if this order is not granted;

   C.  The probable harm to Plaintiffs, if relief is not granted, outweighs the likely hardship that may result to Defendants from this order; and

   D.  This order does not appear to be adverse to the diffuse public interest.

7.  *Place & Means.* The Laredo Police, United States Marshal, or any designated state, county, or local law enforcement official shall go to this location and, using only the force that is reasonably necessary, shall, enter and, with agents of Plaintiffs search the property-including all rooms, cabinets, enclosures, vehicles owned or used by the owner or employees-found inside or outside the premises, located at 1302 Zaragoza St. and 1320 Iturbide St. in Laredo, Texas, and seize and impound these items:

   A.  *Seizure Location.* 1302 Zaragoza St. and 1320 Iturbide St., Laredo, Texas, 78040.

   B.  *Items To Be Seized.*

      (1)  Unauthorized Animale Ladies 3.4 oz. spray perfume bottles and any other counterfeit perfume products bearing Plaintiffs' Animale marks.

      (2)  Unauthorized Animale labels, packaging, and trademarks, and the goods to which they are affixed.

      (3)  Any documents, whether stored electronically or otherwise, including any computers that store such information which describes or relates to Defendants' sales, revenue, income, or marketing efforts for the sale of the Counterfeit Products (including those items covered in Para. 10, below).

   C.  *Time & Dates.* The seizure may be conducted only during the daylight hours of January 25, 2007 to February 5, 2007.

   D.  *Inventory.* The Laredo Police, United States Marshal, any designated state, county or local law enforcement official, or plaintiffs' agents will make a detailed inventory of the items seized and leave a copy with the person in charge and file a copy with the court.

8.  *Plaintiffs' Agents.* Plaintiffs' agents will accompany the Laredo Police, United States Marshal, or any designated state, county or local law enforcement official to assist him in identifying the items to be seized and to take custody of the seized property.

9.  *Defendant's Agents.* Defendants and their officers, agents, servants, and employees will cooperate with the he Laredo Police, United States Marshal, or any designated state, county or local law enforcement official and will assist him in locating the items for seizure.

10. *Records.* If documents are found showing the sources of, revenue from, or marketing of Defendant's Counterfeit Products, Plaintiffs will take such documents to make copies and return them. If Defendants have a computer, computer diskettes, or other storage media, Plaintiffs will take such computers and make a copy of them.

11. *Further Delivery.* All records belonging to or in control of Defendants regarding the Counterfeit Products will be delivered to Plaintiffs' attorney, L. Bradley Hancock, at Greenberg Traurig, LLP, 1000 Louisiana, Suite 1800, Houston, Texas 77002, to keep while this case is pending.

12. *Service.* The Laredo Police, United States Marshal, any designated state, county or local law enforcement official, or Plaintiffs' agents will serve this order on the Defendant's agent and the persons from whose possession the seized goods are taken or, if they cannot be found, shall leave a copy at the place from which the seized goods are taken.

13. *Hearing.* A hearing will be held on:

    Feb 6 2007 _____ at 11:00 a.m.
    United States Court House
    1300 Victoria St.
    Laredo, Texas 78040.

    Defendants must appear at the hearing or a United States Marshal will be sent for them.

14. *Bond.* The Plaintiffs will file a $10,000.00 bond.

15. *Asset Restriction.* Defendants Sunny's Perfume, Inc., Sunil Kumar Tyagi, Barat Gera, Parfums Clandestine Paris, John Does 1-15, and XYZ Corps. 1-15 who do business at 1302 Zaragoza St., Laredo, Texas, 78040 and 1320 Iturbide St., Laredo, Texas, 78040, and any persons in active concert or participation with Defendants, and any banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from transferring, disposing of, or secreting

any money, stocks or other assets of defendant, without prior approval of the court.

16.  *Temporary Restraining Order.* Pending the hearing on Plaintiffs' application for a preliminary injunction, Defendants Sunny's Perfume, Inc., Sunil Kumar Tyagi, Barat Gera, Parfums Clandestine Paris, John Does 1-15, and XYZ Corps. 1-15 who do business at 1302 Zaragoza St., Laredo, Texas, 78040 and 1320 Iturbide St., Laredo, Texas, 78040 are restrained from:

A.  Using Plaintiffs' Marks on any counterfeit products;

B.  Passing off any perfume as Plaintiffs' genuine products;

C.  Shipping, delivering or selling any counterfeit products;

D.  Moving, destroying, or otherwise disposing of any products, labels, or other items, merchandise or documents bearing, relating to or used for reproducing their marks or any reproduction, counterfeit, copy or colorable imitation thereof; or

E.  Removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to the manufacture, acquisition, purchase, distribution or sale of goods bearing Plaintiffs' Marks or any reproduction, counterfeit, copy or colorable imitation.

18.  *Seal.* This case will remain sealed until the hearing date.

Signed ___Jan 26___, 2007, at ___Laredo___, Texas, at __8:32__ a.m./p.m.

_____
United States District Judge

U. S. MARSHAL'S OFFICE
BY: _____
DATE: 1-26-07
TIME: 9:35 Am