COURTESY COPY
RECEIVED
APR 26 2007
HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PEI LICENSING, INC., a Delaware corporation,

   Plaintiff,

v.

PERFUME NETWORK, INC. a New York corporation; MAJOR PERFUMES, INC., a New York corporation; TRADE PLUS, INC., a New York corporation; HARBANS LAL GERA, an individual; and BHARAT GERA, an individual,

   Defendants.

---

CIV. ACTION NO.: 07-CV-3086 (HB)

STIPULATED PRELIMINARY INJUNCTION ON CONSENT AND [PROPOSED] ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/07

  Plaintiff PEI Licensing, Inc. ("PEI"), having commenced this action for an injunction and other relief, against Defendants Perfume Network, Inc., Major Perfumes, Inc., Trade Plus, Inc., Harbans Lal Gera and Bharat Gera (collectively "Defendants"), pursuant to the Lanham Act, the Patent Act, and under the laws of the State of New York, for, among others, the reason that Defendants are alleged to be manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling goods bearing infringing reproductions of PEI's federally registered and common law trademarks, trade names and/or logos as described and defined in PEI's Complaint (the "360° Marks" and "360° Trade Dress"); and

  PEI and Defendants, having now consented to a preliminary injunction on consent to remain in place for the duration of this action, and, good cause having been shown,

  IT IS HEREBY ORDERED that Defendants, their agents, employees, and any other persons acting in active concert or participation with them, are preliminarily enjoined and restrained from:

  a) using in any manner the allegedly infringing 365 Days trademark and trade dress that is the basis of this action and identified in PEI's complaint and motion for preliminary injunction, or any portion thereof (the

"Allegedly Infringing Marks and Trade Dress"), or any other trademark or trade dress that, alone or in combination with any word or words, is likely to cause confusion, deception, or mistake in connection with the 360° Marks and/or 360° Trade Dress, or the advertising, offering for sale, or sale of any product not PEI's, or not authorized by PEI to be sold in connection with each of the 360° Marks and/or 360° Trade Dress;

b) passing off, inducing, or enabling others to sell or pass off any product as and for products produced by PEI, not PEI's, or not produced under the control and supervision of PEI and approved by PEI for sale under the 360° Marks and/or 360° Trade Dress, including but not limited to offering for sale or selling products under the Allegedly Infringing Marks and Trade Dress;

c) committing any acts that cause purchasers to believe that products bearing the Allegedly Infringing Marks and Trade Dress are those sold under the control and supervision of PEI, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of PEI, including but not limited to offering for sale or selling products under the Allegedly Infringing Marks and Trade Dress;

d) diluting and infringing all 360° Marks and/or 360° Trade Dress and damaging PEI's goodwill, including but not limited to offering for sale or selling products under the Allegedly Infringing Marks and Trade Dress;

e) manufacturing, importing, advertising, shipping, delivering, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for PEI, nor authorized by PEI to be sold or offered for sale, and which bear any of the Allegedly Infringing Marks or Trade Dress, or any other marks or trade dress likely to cause confusion with the 360° Marks and/or 360° Trade Dress;

f) otherwise competing unfairly with PEI or any of its authorized licensees in

     any manner; and

  g) from assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f).

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect until the final disposition of this action; and

IT IS FURTHER ORDERED that counsel for the parties may indicate the parties' consent to the terms of this Preliminary Injunction by signing multiple counterparts, and that a faxed signature shall be deemed an original signature; and

IT IS FINALLY ORDERED that no bond shall be required with respect to this Preliminary Injunction.

**CONSENTED TO BY PEI LICENSING, INC.**

Dated: April 24, 2007

By: _____
G. Roxanne Elings (GE 8321)
David Saenz (DS 1976)
Greenberg Traurig LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

**CONSENTED TO BY PERFUME NETWORK, INC.; MAJOR PERFUMES, INC.; TRADE PLUS, INC.; HARBANS LAL GERA; AND BHARAT GERA**

Dated: April 24, 2007

By: _____
Stanley R. Goodman (SG 2500)
Goodman & Saperstein
600 Old Country Road
Garden City, New York 11530
Tel: 516-227-2100
Fax: 516-228-8120

*[handwritten note: I am delighted there is all relief sought + I am that case is not a PI — I see 30 H much practical result]*

SO ORDERED

Dated: 4/30/07

By: _____
UNITED STATES DISTRICT JUDGE

*[handwritten note: if you do not plan to actually pursue this I see this relief as all the relief you present seek please notify chambers + I am instruct the clerk to close the court accordingly]*

- 4 -

Endorsement:

    I am delighted if this is all relief sought and I can close case. If not a PTC on May 1 at 9:30 AM will proceed if you do not plan to attend because this is all the relief you presently seek please notify Chambers so I can instruct the Clerk of the Court accordingly.