ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/3/07

U.S. DISTRICT JUDGE
S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEI LICENSING, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>v.<br><br>PERFUME NETWORK, INC. a New York corporation; MAJOR PERFUMES, INC., a New York corporation; TRADE PLUS, INC., a New York corporation; HARBANS LAL GERA, an individual; and BHARAT GERA, an individual,<br><br>        Defendants. | CIV. ACTION NO.: 07-CV-3086 (HB)<br><br>STIPULATED PERMANENT INJUNCTION ON CONSENT AND [PROPOSED] ORDER |

    WHEREAS Plaintiff PEI Licensing, Inc. ("PEI") commenced this action for an injunction and other relief, against Defendants Perfume Network, Inc., Major Perfumes, Inc., Trade Plus, Inc., Harbans Lal Gera and Bharat Gera (collectively the "Named Defendants"), pursuant to the Lanham Act, the Patent Act, and under the laws of the State of New York, for, among others, the reason that the Named Defendants are alleged to be manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling goods that infringe PEI's federally registered and common law trademarks (the "360° Marks"), trade dress (the "360° Trade Dress"), and/or design patents (the "360° Patents") as described and defined in PEI's Complaint (collectively the "360° Intellectual Property"); and

    WHEREAS Parfum Clandestine Paris, Premier Brands International, and Sunita Gera (collectively the "Additional Defendants") voluntarily submit to the jurisdiction of this Court for, among others, the reason that the Additional Defendants are alleged to be manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling goods that infringe the 360° Intellectual Property (Named Defendants and Additional Defendants are collectively referred to as Defendants); and

    WHEREAS, PEI and Defendants have indicated below their consent to the form and entry of this Permanent Injunction on Consent.

NY 238501590v1 9/17/2007

Returned to chambers for scanning on 10/5/07
Scanned by chambers on _____

IT IS HEREBY ORDERED that Defendants, their agents, employees, and any other persons acting in active concert or participation with them, are permanently enjoined and restrained from:

a) using in any manner the allegedly infringing 365 Days trademark and trade dress that is the basis of this action and identified in PEI's complaint, or any portion thereof (the "Allegedly Infringing Intellectual Property"), or any other trademark or trade dress that, alone or in combination with any word or words, is likely to cause confusion, deception, or mistake in connection with the 360° Marks and/or 360° Trade Dress or infringe the 360° Patents, or the advertising, offering for sale, or sale of any product not PEI's, or not authorized by PEI to be sold in connection with each of the 360° Intellectual Property;

b) passing off, inducing, or enabling others to sell or pass off any product as and for products produced by PEI, not PEI's, or not produced under the control and supervision of PEI and approved by PEI for sale under the 360° Intellectual Property including but not limited to offering for sale or selling products under the Allegedly Infringing Intellectual Property (the "Allegedly Infringing Products");

c) committing any acts that cause purchasers to believe that any product sold under the Allegedly Infringing Intellectual Property are those sold under the control and supervision of PEI, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of PEI;

d) diluting and infringing all 360° Intellectual Property and damaging PEI's goodwill, including but not limited to offering for sale or selling products under the Allegedly Infringing Intellectual Property;

e) manufacturing, importing, advertising, shipping, delivering, distributing, returning or otherwise disposing of, in any manner, the Allegedly

NY 238501590v1 9/17/2007

Infringing Products;

f) otherwise competing unfairly with PEI or any of its authorized licensees in any manner; and

g) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f).

IT IS FURTHER ORDERED that counsel for the parties may indicate the parties' consent to the terms of this Permanent Injunction by signing multiple counterparts, and that a faxed signature shall be deemed an original signature.

*The Clerk of the Court is directed to close this case and remove it from my docket.*

**CONSENTED TO BY PEI LICENSING, INC.**

Dated: 9/20/2007

By: _____
G. Roxanne Elings (GE 8321)
David Saenz (DS 1976)
Greenberg Traurig LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, NY 10166
Tel: (212) 801-9200
Fax: (212) 801-6400

**CONSENTED TO BY PERFUME NETWORK, INC.; MAJOR PERFUMES, INC.; TRADE PLUS, INC.; PARFUMS CLANDESTINE PARIS; PREMIER BRANDS INTERNATIONAL; HARBANS LAL GERA; SUNITA GERA and BHARAT GERA**

Dated: 9/17/07

By: _____
Stanley R. Goodman (SG 2500)
Goodman & Saperstein
600 Old Country Road
Garden City, New York 11530
Tel: (516) 227-2100
Fax: (516) 228-8120

**SO ORDERED**

Dated: 10/2/07

By: _____
Judge Harold Baer
UNITED STATES DISTRICT JUDGE

- 3 -

NY 238431500v1 9/19/2007